# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY EARL JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73204

FILED

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant Jerry Johnson was charged with two counts of sexual assault based on allegations arising while he was working as a security officer at a resort. The jury acquitted Johnson of one count and convicted him of the other. Johnson raises five issues on appeal.

*Joinder*

First, Johnson claims that the district court violated his due process right to a fair trial by refusing to sever the two charges of sexual assault. He argues that joinder was improper pursuant to NRS 173.115(1) because the counts were not part of the same act or transaction, were not connected together, and were not part of a common scheme or plan. We disagree.

A district court's decision regarding joinder of charges is reviewed for an abuse of discretion. *See Farmer v. State*, 133 Nev., Adv. Op. 86, 405 P.3d 114, 122 (2017). Charges may be joined when they "share features idiosyncratic in character" and are thus part of a common scheme.

*Farmer v. State*, 133 Nev., Adv. Op. 86, 405 P.3d at 120 (quotation marks omitted). In *Farmer*, this court considered allegations from five separate victims regarding conduct occurring within several weeks, all at the same hospital, and involving similarly vulnerable victims. *Id.* at 121. While the incidents were not identical, each involved the suggestion of sexual touching as part of Farmer giving medical care. *Id.* This court found that "[t]o hold under these circumstances that Farmer did not have a scheme to use his position as a CNA to access unusually vulnerable victims and exploit them under the guise of providing medical care would unjustifiably narrow the term, leaving it with little practical effect." *Id.*

Here, the district court found that the two charges of sexual assault shared "common issues related to employment and the type of ladies who were the victim" and that "[t]here [was] enough commonality between the various activities" that joinder was proper. Both victims were staying at the resort where Johnson worked, Johnson made contact with each in his capacity as a security guard, Johnson was asked to perform an assist to the guest room for both, both victims were intoxicated, and Johnson was made aware that both victims were intoxicated. The incidents occurred approximately 30 days apart. Pursuant to *Farmer*,[1] we conclude that the district court did not abuse its discretion in concluding that these offenses "share[d] features idiosyncratic in character" such that joinder was proper

---

[1]Johnson argues that was *Farmer* was wrongly decided. However, Johnson does not present compelling reasons for this court to revisit its decision.

as part of a common scheme. 133 Nev., Adv. Op. 86, 405 P.3d at 120 (quotation marks omitted).[2]

Johnson further claims that he was unduly prejudiced by the joinder. Even with the above conclusion that joinder was proper, this court must still consider whether the district court should have severed the charges because of unfair prejudice. NRS 174.165(1). "For separate trials to be required, the simultaneous trial of the offenses must render the trial fundamentally unfair, and hence, result in a violation of due process." *Farmer*, 133 Nev., Adv. Op. 86, 406 P.3d at 121 (internal quotation marks and alterations omitted). Additionally, "[s]everance is not required every time a defendant wishes to testify to one charge but to remain silent on another." *Honeycutt v. State*, 118 Nev. 660, 668, 56 P.3d 362, 367 (2002), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 121 P.3d 592 (2005).

We conclude that Johnson fails to demonstrate that he was prejudiced by the joinder. It appears the jury was able to carefully and independently consider the evidence presented for each count, and ultimately Johnson was found not guilty of count 1. And, the evidence regarding count 2 was strong, including testimonial and DNA evidence. *See Weber v. State*, 121 Nev. 554, 575, 119 P.3d 107, 122 (2005) ("[P]rejudice from joinder of charges requiring reversal is more likely in a close case because it may prevent jurors from making a reliable judgment about guilt."), *modified on other grounds by Farmer*, 133 Nev., Adv. Op. 86, 405 P.3d at 119-20. Additionally, Johnson presented his defense of consent to

---

[2]Because we conclude that joinder was proper as the crimes constituted a common scheme, we do not consider the alternative arguments for joinder.

the jury for its consideration. Under these circumstances, we conclude the district court did not abuse its discretion by denying Johnson's motion to sever the charges.

*Admissibility of statement*

Johnson claims that the district court violated his constitutional right to present a complete defense by not allowing the admission of a police-interview statement by another security guard who helped Johnson escort one of the victims to her room. Johnson argues the interview was admissible pursuant to NRS 51.315 because the security guard suffered a subsequent stroke and was unable to answer open-ended questions.

This court reviews "a district court's decision to admit or exclude evidence for an abuse of discretion." *Rimer v. State*, 131 Nev. 307, 328, 351 P.3d 697, 712 (2015) (quotation marks omitted). And while "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, defendants must comply with established evidentiary rules designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (internal quotation marks and citation omitted). NRS 51.315 provides that "[a] statement is not excluded by the hearsay rule if: (a) [i]ts nature and the special circumstances under which it was made offer strong assurance of accuracy; and (b) [t]he declarant is unavailable as a witness."

Because the security guard was competent and available to testify and because he testified on Johnson's behalf, Johnson fails to demonstrate that the district court abused its discretion in denying the admission of the security guard's statement pursuant to NRS 51.315 (requiring the declarant to be unavailable). Additionally, Johnson fails to

demonstrate that the district court's ruling hindered his ability to have a meaningful opportunity to present a complete defense. That Johnson believes the statement would have had a bigger impact on the jury than the security guard's testimony at trial alone is not sufficient grounds to find error with the district court's decision.

Johnson also argues that we should review the district court's decision at the time Johnson made his motion to admit the statement, when the security guard was incompetent and unavailable as stipulated to by the State. Even if this court were to review the district court's decision in such a limited scope, we do not believe the district court's decision was an abuse of discretion.

In applying NRS 51.315(1)'s requirement that the statement's "nature and special circumstances under which it was made offer strong assurances of accuracy," this court has considered: (1) the relationship between the declarant and the defendant/police (looking for a motive to inculpate or exculpate); (2) the chances that cross-examination would alter critical aspects of the statement; (3) and any corroboration by another, disinterested declarant. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); *see also Johnstone v. State*, 92 Nev. 241, 244-45, 548 P.2d 1362, 1364 (1976). Here, Johnson and the security guard had a working relationship. Johnson's then-fiancé called the security guard after the incident, and he told her that Johnson could not have gone into the victim's room because Johnson left with him. The security guard made his statement to police more than a month after the incident and after the security guard had written a voluntary statement for the resort that did not contain some of the details included in the police statement, and thus it is possible that cross-examination could have altered some aspects of the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

statement. Based on all of the above, we conclude the district court did not abuse its discretion when it denied the admission of the statement.

*Failure to collect*

Johnson claims the State's failure to gather video surveillance evidence from the resort for the incident was bad faith or gross negligence on the part of the police such that he was entitled to a presumptive jury instruction or dismissal of the charge. He argues he was prejudiced by the failure to collect the video because it would have established the victim's credibility or lack thereof. Johnson's proposed jury instruction told the jury to presume the video would have shown that the victim was flirting with Johnson, the she was not as inebriated as she testified, and that Johnson and the other security guard left together and used the elevator after completing the guest assist.

To establish a failure-to-collect claim, a defendant "must demonstrate that the surveillance tape was material and that the police's failure to gather it is attributable to negligence, gross negligence, or bad faith." *Guerrina v. State*, 134 Nev., Adv. Op. 45, 419 P.3d 705, 713 (2018) (internal quotation marks omitted). "'Evidence is material when there is a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different.'" *Id.* (quoting *Jackson v. State*, 128 Nev. 598, 613, 291 P.3d 1274, 1284 (2012)). If the court finds the failure to collect was a result of mere negligence, no sanctions are imposed; if gross negligence is found, the defense is entitled to a presumption that the missing evidence would have been unfavorable to the State. *Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). If bad faith is found, dismissal of charges may be an appropriate remedy after the whole case is evaluated. *Id.*

We conclude that Johnson fails to demonstrate that the uncollected video surveillance evidence had a reasonable probability of producing a different result at trial. At best, the evidence would have corroborated certain portions of Johnson's testimony, but we do not agree with Johnson that video surveillance evidence would have conclusively demonstrated the victim's level of intoxication or her flirtatious attentions. Further, there is no video evidence from the victim's room, where the crime occurred. Accordingly, Johnson fails to show that the uncollected evidence was material.

Moreover, we conclude the district court correctly determined that the detective's conduct in attempting to collect the evidence amounted to, at most, mere negligence. The detective testified that she received the report of the incident, reviewed it her first day back to work after her weekend, and contacted the resort the next day to preserve the evidence. As Johnson fails to demonstrate bad faith or gross negligence on the part of the police, the district court did not abuse its discretion in declining to give the presumptive jury instruction or to dismiss the charge. *See Higgs v. State*, 126 Nev. 1, 21, 222 P.3d 648, 661 (2010); *Daniels*, 114 Nev. at 267, 956 P.2d at 115.

*Bad act evidence*

Johnson claims the district court erroneously allowed the State to elicit bad act evidence. Specifically, he challenges the portions of the victims' testimonies that complained of missing personal property from the resort rooms after each alleged assault. He argues the acts were not proven by clear and convincing evidence, that the acts were irrelevant to the sexual assault charges, and that the testimony was not harmless.

For the admission of uncharged bad acts, "the prosecutor has the burden of requesting admission of the evidence and establishing at a hearing outside the jury's presence that: (1) the incident is relevant to the crime charged; (2) the act is proven by clear and convincing evidence; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Tavares v. State*, 117 Nev. 725, 731, 30 P.3d 1128, 1131 (2001) (internal quotation marks omitted). If a hearing is not held, this court will not reverse if the record sufficiently establishes the admissibility of the evidence or if the result of the trial would not have been different had the evidence not been admitted. *Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 677 (2006). Additionally, the prosecutor has the duty to request the jury be instructed on the limited use of the evidence; should the prosecutor neglect its duty, the district court has a *sua sponte* duty to raise the issue. *Tavares*, 117 Nev. at 731, 30 P.3d at 1132.

It is clear from the record that the State failed to seek a hearing outside the presence of the jury before the admission of the evidence. This was error.[3] However, we conclude that the result of the trial would not have been different had this bad act evidence not been admitted. The compelling evidence against Johnson was independent of the admitted evidence concerning the missing items. Therefore, we will not reverse Johnson's conviction on this error.

*Cumulative error*

Lastly, Johnson claims that cumulative error entitles him to relief. However, only one error was discerned—the failure to have a hearing

---

[3]We note the district court correctly offered a limiting instruction, which Johnson refused. *See Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008).

to determine the admissibility of the bad act evidence. Because only one error has been shown, there is nothing to cumulate. *See McKenna v. State*, 114 Nev. 1044, 1060, 968 P.2d 739, 749 (1998) (concluding that sole error "does not, by itself, constitute cumulative error").

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Kenneth C. Cory, District Judge
       Clark County Public Defender
       Clark County District Attorney
       Attorney General/Carson City
       Eighth District Court Clerk